<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
                                    :
JASON I. FARROW,                    :
                                    :
              Plaintiff,            :        Civil No. 12-4101 (RBK)
                                    :
         v.                         :
                                    :
HAROLD U. JOHNSON, ESQ.,            :            OPINION
J.F.P., et al.,                     :
                                    :
              Defendants.           :
                                    :
```

**APPEARANCES:**

> JASON I. FARROW, Plaintiff <u>pro se</u>
> Kintock 3 Bldg. 1
> 50 Fenwick Street
> Newark, New Jersey 07114

**KUGLER**, District Judge

Plaintiff, Jason I. Farrow, a state inmate presently confined at the Kintock Halfway House in Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u>. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice.

## I. BACKGROUND

Plaintiff, Jason I. Farrow ("Farrow" or "Plaintiff"), brings this civil action, alleging numerous constitutional and other civil rights violations against two defendants, Harold U. Johnson, J.S.C. and Benjamin C. Telsey, P.J.S.C.  (Complaint, Caption and ¶ 2).  In a prolix and repetitive Complaint, Farrow alleges that, on or about February 24, 2012, defendant Judge Telsey issued a final restraining order against Farrow preventing him from visitation with his children.  Farrow claims that the defendants colluded with each other, rejecting plaintiff's motions for visitation.  Farrow also contends that the order was not "constitutionally administered."  (Compl., ¶ 7).

Plaintiff seeks compensatory and punitive damages in excess of $1.2 million, declaratory relief compelling a criminal investigation against defendants, and injunctive relief compelling the termination of the defendants as judges and for visitation rights to be restored to Plaintiff.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the

proposition that "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting

Twombly, 550 U.S. at 555), the Supreme Court identified two

working principles underlying the failure to state a claim

standard:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory statements, do
> not suffice ... .  Rule 8 ... does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for
> relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not
> "show[n]"-"that the pleader is entitled to relief."  Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be
simple, concise, and direct.  No technical form is required."
Fed.R.Civ.P. 8(d).

> should assume their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.

_Iqbal_, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." _Id_. at 1948.  The Supreme Court's ruling in _Iqbal_ emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  _Id_. at 1949-50; _see also_ _Twombly_, 505 U.S. at 555, & n.3; _Fowler v. UPMC Shadyside_, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that _Iqbal_ provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in _Conley v. Gibson_, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before _Twombly_.  _Fowler_, 578 F.3d at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in _Iqbal_ when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be
> separated.  The District Court must accept all of the

_____

[2]  In _Conley_, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  _Id_., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

    This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

## III.  ANALYSIS

    Generally, a judicial officer in the performance of his or her duties has absolute immunity from suit.  Mireless v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L. Ed.2d 9 (1991).  This immunity extends to judges of courts of limited jurisdiction, such as New Jersey municipal court judges.  Figueroa v.

Blackburn, 208 F.3d 435, 441-43 (3d Cir. 2000).  Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L. Ed.2d 331 (1978).  Judicial immunity serves an important function in that it furthers the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences."  Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967).  Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Mireless, 502 U.S. at 11.

There are two circumstances where a judge's immunity from civil liability may be overcome.  These exceptions to the doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity.  The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity.  Id.; see also Figueroa, 208 F.3d at 440.  The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction.  Mireless, 502 U.S. at 11; Figueroa, 208 F.3d at 440.  Neither exception is alleged or applicable in the present case.

Clearly, Plaintiff's claims against Judge Johnson and Judge Telsey involved actions that were plainly taken in their judicial capacity.  Moreover, Plaintiff alleges no set of facts that would

support a claim against Judge Johnson or Judge Telsey under 42 U.S.C. § 1983, or other federal statutory or constitutional law. Consequently, the Complaint fails to state a claim and must be dismissed with prejudice in its entirety as to both named defendants.

## IV.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety as against all named defendants in this action, pursuant to both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(B)(1) and (2).  Further, Plaintiff's motions for appointment of counsel (Docket entry nos. 3 and 4) will be denied as moot.  An appropriate order follows.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: September 6, 2012